**UNITED STATES of America,**

v.

**Wallace SALERY and Sammy Salery.**

**No. CR–00–16–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Nov. 9, 2000.

Susan Graham James, Denise Arden Simmons, Susan G. James & Associates, Montgomery, AL, for Wallace Salery, defendant.

Crowell Pate DeBardeleben, Pate DeBardeleben Attorney at Law, Montgomery, AL, for Sammy Salery, defendant.

Mark G. Montiel, Montiel & Brown, P.C., Montgomery, AL, for Michael Salery, defendant.

Paul R. (Beau) Cooper, Cooper & Cooper, Montgomery, AL, for Kisha Jackson, aka Kisha Fuller, defendant.

Michael A. Kirtland, Montgomery, AL, for Angela Denise Hall, defendant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

This matter comes before the court on Wallace Salery's and Sammy Salery's objections to their Presentence Investigation Reports ("PSI"), prepared by the United States Probation Office for the court's review and consideration at the defendants' sentencing hearing. Also before the court is an objection by the government. The court conducted a hearing on the objections on November 2, 2000. Based on a review of the record and oral arguments, the government's objection is due to be GRANTED and defendants' objections are due to be GRANTED in part and DENIED in part.

## I. Background

On March 15, 2000, the United States filed a 13–count superseding indictment, charging defendants Wallace Salery and Sammy Salery, along with Michael Salery, Kisha Jackson and Angela Denise Hall, with a number of drug offenses. A jury convicted Wallace and Sammy Salery of conspiracy to distribute and possess with the intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I). In addition, the jury convicted Wallace Salery of aiding and abetting in the distribution of cocaine base (Counts III, IV, VIII, and IX), distribution of cocaine base (Counts V and VI); and felon in possession of a firearm (Counts

XII and XIII); and Sammy Salery of aiding and abetting in the distribution of cocaine base (Count X).[1]

After the jury convicted Wallace and Sammy Salery, the Probation Office prepared a PSI for Wallace Salery and a PSI for Sammy Salery. The PSI for Wallace Salery attributed 1,474.2 grams of cocaine hydrochloride and 1,688.6 grams of cocaine base to him and recommended a sentence of life under § 841(b)(1)(A). The PSI for Sammy Salery attributed 99.8 grams of cocaine base to him and recommended a sentence of life under § 841(b)(1)(A). Section 841(b)(1)(A) would require a life sentence for Sammy Salery because he has two prior felony drug convictions.

## II. Discussion

Both Wallace and Sammy Salery invoke the new rule announced in *Apprendi v. New Jersey,* —— U.S. ——, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to challenge various aspects of their respective PSIs. They also contend that the government has failed to prove by a preponderance of the evidence the amount of drugs the PSIs attribute to them. Wallace Salery further objects to a two level enhancement based on the possession of two firearms under USSG § 2D1.1(b)(1) and to a four level enhancement based on his role as an organizer or leader under USSG § 3B1.1(a). The court will first address the *Apprendi* issues and then address the other issues in turn.

### A. *Apprendi* Issues

Prior to delving into the specific nature of defendants' objections, this court will briefly summarize the holding in *Apprendi.* In *Apprendi,* the Supreme Court addressed the question of "whether the Due Process Clause of the Fourteenth Amendment requires that a factual determination authorizing an increase in the maximum prison sentence for an offense from 10 to 20 years be made by a jury on the basis of

---

1. As to the other three defendants, the jury convicted Kisha Jackson of conspiracy to distribute cocaine (Count I) and aiding and abetting to distribute cocaine base (Counts III, IV,

VIII, and XI) and Angela Denise Hall of possession of marijuana (Count XI). Michael Salery pled guilty to possession of cocaine base in violation of 21 U.S.C. § 844(a).

proof beyond a reasonable doubt." —— U.S. at ——, 120 S.Ct. at 2351.

The Court held that:

Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. With that exception, we endorse the statement of the rule set forth in the concurring opinions in that case: "[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt."

*Id.* at 2362–63 (citation omitted). The Eleventh Circuit has extended the rule in *Apprendi* to the determination of drug quantity in sections 841(b)(1)(A) and 841(b)(1)(B). *United States v. Rogers*, 228 F.3d 1318, 1327 (11th Cir.2000).

Both Wallace and Sammy Salery invoke the Supreme Court's recent pronouncement in *Apprendi* as authority for the proposition that the recommendations in the PSIs are inappropriate because a jury did not find beyond a reasonable doubt the corresponding facts necessary to support the recommended sentences. In particular, they contend that because the jury did not make a finding as to drug quantity, the court may not sentence them under § 841(b)(1)(A) or § 841(b)(1)(B), and the court may not use the drug amounts in the PSIs to determine the appropriate sentencing guideline range. The defendants also argue that a jury must determine the validity of a prior conviction before a court uses it to enhance a sentence. The court will address each objection in turn.

#### 1. Drug Quantity

■ Pursuant to *Apprendi*, in order to sentence a defendant under § 841(b)(1)(A)

or § 841(b)(1)(B), instead of § 841(b)(1)(C)'s catch-all statutory maximum of twenty years, the drug quantity must be treated as an element: charged in the indictment, submitted to a jury, and proved to a jury beyond a reasonable doubt.[2] *United States v. Angle*, 230 F.3d 113, 123 (4th Cir.2000); *United States v. Doggett*, 230 F.3d 160, 164 (5th Cir.2000); *United States v. Cavender*, 228 F.3d 792, 800–03 (7th Cir.2000). In this case, the government charged a specific drug quantity in the substantive counts of the indictment and arguably presented sufficient evidence for a jury to find beyond a reasonable doubt the quantities charged. The court, however, did not instruct the jury that it must find beyond a reasonable doubt the specific drug quantity alleged in a count in order to convict on the count, nor did the court request the jury to make a special finding as to drug quantity. Consequently, defendants contend that the government did not prove the issue of drug quantity to a jury beyond a reasonable doubt, thereby requiring the court to sentence them pursuant to § 841(b)(1)(C).

In response, the government argues that it satisfied *Apprendi*'s three requirements by charging specific amounts in the counts of the indictment and presenting sufficient evidence to support the amounts alleged. The court has found a few cases which lend support to the government's position. The Seventh Circuit, in *Cavender*, noted that "the indictment charged that the defendants had handled 'multiple kilograms of mixtures containing cocaine base,' and this was the evidence put before the jury," and held that, "That is all *Apprendi* would have required...." 228 F.3d 792, 800–04; *see also McCall v. United States*, No. 99–3524, 2000 WL 1597853, at *3 (6th Cir. Oct.19, 2000) (unpublished) (holding that *Apprendi* was satisfied because the jury

---

2. The Supreme Court has not determined whether a defendant has a constitutional claim based on the omission of an element in the indictment. *Apprendi,* —— U.S. at —— n.

3, 120 S.Ct. at 2356 n. 3. The court need not decide this issue because the indictment in issue did charge a drug quantity.

convicted the defendant on a count which specifically charged him with a conspiracy involving in excess of five kilograms of cocaine); *Harris v. United States*, 119 F.Supp.2d 458, 462 (D.N.J.2000) (holding, in a 28 U.S.C. § 2241 petition, that the district court properly sentenced the defendant under § 841(b)(1)(A) because the indictment specifically charged that the defendant's violation of § 841(a) involved more than five kilograms of cocaine). Neither the Seventh Circuit nor the other courts explained why *Apprendi* only requires the indictment to charge a specific amount and the government to present to the jury evidence as to the amount charged. In particular, the courts fail to explain how a court can determine that a jury found the evidence as to a specific drug quantity beyond a reasonable doubt in the absence of an instruction telling the jury that the amount alleged is an element which must be proved in order to convict, or a special finding.

This court finds that *Apprendi* does not permit a court to assume that a jury made a determination on a specific drug quantity simply because the indictment charged the quantity and the government presented evidence as to the quantity charged. Instead, *Apprendi* requires a "jury determination that [a defendant] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." —— U.S. at —— ——, 120 S.Ct. at 2355–56 (quoting *United States v. Gaudin*, 515 U.S. ·506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995)). Moreover, the Eleventh Circuit's decision in *Rogers* supports this court's reading of *Apprendi*. In *Rogers*, the Eleventh Circuit stated that "sections 841(b)(1)(A) and 841(b)(1)(B) may not be utilized for sentencing without a finding of drug quantity by the jury." *Rogers*, 228 F.3d 1318, 1327.

In this case, the court charged the jury that in order to convict it need only find

that the defendants knowingly and intentionally distributed cocaine base. (Jury Instructions at 14, 16). The charge made no reference to the drug quantity alleged. Based on this instruction, the jury could convict the defendants on the basis of some unspecified quantity of drugs. The verdict form provided only for a finding of guilty or not guilty on each count, with no finding of amount. Without a jury instruction dealing with a specific drug quantity or a special finding on drug quantity, the jury did not have to make a determination or finding as to whether the defendants distributed 50 grams or more of cocaine base in violation of § 841(b)(1)(A), or 5 grams or more of cocaine base in violation of § 841(b)(1)(B). *Compare United States v. Nordby*, 225 F.3d 1053, 1058 (9th Cir. 2000) (holding that a jury made no finding regarding the specific amount of marijuana where an indictment charged a specific amount and a court instructed the jury that the government need not prove a specific amount of marijuana as long as the government proves beyond a reasonable doubt that the defendants manufactured a measurable or detectable amount), *with United States v. Sheppard*, 219 F.3d 766, 769 (8th Cir.2000) (holding that a jury made a finding as to the specific amount of drugs where an indictment charged a specific amount and the jury made a special finding as to the drug type and quantity). Consequently, the court may not sentence the defendants under § 841(b)(1)(A) or § 841(b)(1)(B), and instead may only sentence the defendants under § 841(b)(1)(C). *See Rogers*, 228 F.3d 1318, 1328. The court holds that *Apprendi* requires not only that the indictment charge a drug quantity, but that the jury either be instructed that the alleged quantity must be proved beyond a reasonable doubt to convict or required in its verdict to make a special finding as to quantity in the event of a guilty verdict before a defendant may be sentenced under § 841(b)(1)(A) or (B).[3] Thus, defendants' objection to the PSI's

---

**3.** The Eleventh Circuit's recent decision, for which mandate has not yet issued, in *United*

*States v. Nealy*, 232 F.3d 825 (11th Cir.2000),

computation of sentence pursuant to § 841(b)(1)(A) is due to be GRANTED and these defendants will be sentenced under § 841(b)(1)(C).

### 2. Sentence Range within the Guidelines

■ Defendants also contend that *Apprendi* prohibits a court from using drug quantities not proved to a jury beyond a reasonable doubt to calculate the proper guideline range. *Apprendi* did not affect the Supreme Court's prior holding in *Edwards v. United States*, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998), that a judge determines the kinds and amounts of the controlled substances when imposing sentences within the statutory range. *Doggett*, 230 F.3d at 165 (citing *United States v. Meshack*, 225 F.3d 556 (5th Cir. 2000)). Instead, *Apprendi* prohibits a judge from using a drug quantity not found by a jury to sentence a defendant under § 841(b)(1)(A) and § 841(b)(1)(B). *Rogers*, 228 F.3d 1318, 1327. Thus, where a jury does not find a particular quantity, a court may still consider drug amount in determining a sentence at or below the statutory maximum set by § 841(b)(1)(C). *Angle*, 230 F.3d 113, 123; *Doggett*, 230 F.3d 160, 166. The defendants' objection to the PSIs as to this point is due to be DENIED.

### 3. Prior Conviction

■ Defendants also alleges that this court may not use their prior felony drug

convictions to enhance their sentences without a determination by the jury as to the convictions. Defendants correctly note that the Supreme Court in *Apprendi* expressed doubt as to whether it correctly decided *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which permits a court to sentence a defendant to a term higher than attached to the offense alleged based on prior convictions. *Apprendi*, —— U.S. at ——, 120 S.Ct. at 2362. Even though the Supreme Court may overrule *Almendarez–Torres* in the future, the court is bound by Supreme Court precedent until such time as the Court overrules its prior precedent. *Jefferson County v. Acker*, 210 F.3d 1317, 1320 (11th Cir.2000) ("Where a Supreme Court decision that has not been overruled is squarely on point and therefore 'directly controls' the case at hand, we are to follow it even though convinced that the Court will overturn that decision the next time it addresses the issue."). Consequently, defendants' objection is due to be DENIED.

### B. Drug Quantities for Guideline Purposes

#### 1. Defendants' Objections

Although this court has determined that it must sentence the defendants under § 841(b)(1)(C), the defendants raise additional issues as to the drug quantities attributed to them for purposes of determining the sentencing guideline range. In particular, defendants challenge the use of drug quantities in the PSIs from counts on

---

supports this holding. *See id.* at 829 (stating that failure to submit the issue of drug quantity to the jury is error).

Although the Eleventh Circuit went on to hold that failure to submit the drug amount to the jury was harmless error because the amount was clear beyond a reasonable doubt to a rational jury, the facts of that case differ from the facts in this case. *See id.* In that case, the drug amount was not contested at trial or at sentencing, while in this case defense counsel specifically made the argument at sentencing that if the defense had known

that the drug quantity would be considered to be an element of the offense, the defense could have questioned the evidence of quantity at trial, and that failure to give the Defendant a re-trial so that the Defendant could have this opportunity would be prejudicial to the Defendant. In the face of such an objection, error by this court would not be harmless; therefore, the court will apply the rule as dictated by *Apprendi*. Even if the error could be considered harmless error, however, it is not appropriate for a district court to commit error simply because it might be found to be harmless.

which the jury acquitted them. The Supreme Court has held that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *United States v. Watts,* 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997). Thus, the court must determine whether the government has proved by a preponderance of the evidence that the acquitted conduct occurred. *United States v. Matthews,* 168 F.3d 1234, 1247 (11th Cir.1999) ("At sentencing, the government bears the burden of establishing the drug quantity level by a preponderance of the evidence.").

■ At sentencing, the government did not produce any witnesses or any evidence to prove the acquitted charges. The government rested on the evidence produced at trial, but did not introduce any portions of a trial transcript to support its contentions. The court finds that the evidence produced at sentencing did not prove by a preponderance of the evidence the conduct for which the jury acquitted the defendants. Consequently, the court will not attribute the drug quantities from the acquitted charges to the defendants for sentencing purposes. As to the charges on which the jury convicted the defendants, the government has proved by a preponderance of the evidence the amount of drugs listed in the indictment for the charges of conviction, that is, 137.1 grams of cocaine base for Wallace Salery and 38.1 grams of cocaine base for Sammy Salery.

Additionally, based on statements made by the Confidential Informant ("CI"), the PSI attributed to Wallace Salery 1,474.2 grams of cocaine hydrochloride and 1,511.1 grams of cocaine base. Because the CI did not testify as to these amounts at sentencing and no transcript of trial testimony was introduced in support of this at sentencing, the court finds that the government has not proved this amount by a preponderance of the evidence. Therefore, the defendants' objections are due to

be GRANTED and these drug amounts will not be attributed to them for sentencing purposes. The court will use the amounts in the charges of conviction, which the court finds to have been proved by a preponderance of the evidence.

### 2. Government's Objection

The government contends that the PSI on Wallace Salery should have included as relevant conduct the sales of an additional 3 kilograms of cocaine hydrochloride sold by that defendant to a person by the name of Jimmy Carter. The Probation Officer's response merely stated that this would not affect the guidelines calculations since the PSI already showed a base offense level of 38. That, however, is no longer the case in view of the court's findings on the defendant's objections. Therefore, the court must consider this objection.

The government called Harry Oates as a government witness at sentencing. The court finds from his testimony that on three occasions during the existence of the conspiracy charged Wallace Salery sold cocaine hydrochloride to Jimmy Carter and that the total quantity was 3 kilograms. Therefore, the government's objection is sustained and this will be added to the quantity of drugs for sentencing purposes on Wallace Salery.

### C. Gun Enhancement

■ Wallace Salery objects to the two level enhancement for possession of a firearm pursuant to USSG § 2D1.1(b)(1). Section 2D1.1(b)(1) provides for a two-level enhancement of a defendant's base offense level "[i]f a dangerous weapon (including a firearm) was possessed." Application Note Three to Guideline § 2D1.1 states that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Therefore, the government must establish by a preponderance of the evidence that the firearm was present at the site of the charged conduct or that a defendant possessed a firearm during conduct relevant to the offense of conviction.

*United States v. Hunter*, 172 F.3d 1307, 1309 (11th Cir.1999). "Relevant conduct includes acts 'that were part of the same course of conduct or common scheme or plan as the offense of conviction.'" *United States v. Smith*, 127 F.3d 1388, 1390 (11th Cir.1997) (quoting USSG § 1B1.3(a)(2)). To meet this burden, the Government generally must prove that the weapon was found in the same location as the drugs or the weapon was part of a drug transaction. *United States v. Siebe*, 58 F.3d 161, 162 (5th Cir.1995).

The government found a Smith & Wesson handgun in Wallace Salery's car when he was arrested and found an Inter Arms handgun and $56,871 at his house following the arrest. The arrest was approximately eight months after the time alleged in the last substantive count. The investigation of Wallace Salery uncovered nothing besides the circumstances of the handguns' discovery to suggest that Wallace Salery used either handgun in the commission of the charged offenses or any related offense. There was no evidence of the presence of drugs where the handguns were found. The government also did not present any evidence at trial or at the sentencing hearing as to any involvement with drugs during the eight months interval before arrest or at the time of arrest.

■ The court concludes that the government has not met its initial burden. First, the government did not produce any evidence to show that any acts of the conspiracy occurred at Wallace Salery's house or in his car. *Cf. United States v. Brown*, 217 F.3d 247, 261 (5th Cir.2000) (upholding an enhancement under USSG § 2D1.1(b)(1) where a gun was found in a car used to transport crack cocaine); *United States v. Hall*, 46 F.3d 62, 63 (11th Cir.1995) (upholding an enhancement under USSG § 2D1.1(b)(1) where a gun was found near several drug-related objects and in the house where conversations concerning the drug conspiracy occurred). Moreover, evidence consisting of only a handgun and cash in a house does not support a finding of drug transactions in

the home. *United States v. Cooper*, 111 F.3d 845, 847 (11th Cir.1997) (holding evidence of a handgun, cash, suitcases similar to those used in drug transactions, and a key to a warehouse where drugs were found was insufficient evidence of drug transactions in the home). Second, the government has not produced any evidence to show that the defendant possessed the handguns during conduct relevant to the convicted offense. Therefore, Wallace Salery's objection to the two-level gun enhancement is due to be GRANTED.

### D. Role Enhancement

■ Wallace Salery also objects to the four-level enhancement based on his role as an organizer or leader under USSG § 3B1.1. In particular, Wallace Salery argues that there is insufficient evidence that the criminal activity involved five or more participants and that there is insufficient evidence as to his alleged leadership role.

■ Section 3B1.1(a) provides that "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels." Commentary Note two to § 3B1.1 states that "[t]o qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." So long as the Defendant is proved by a preponderance of the evidence to have been the organizer or leader of a criminal activity which involved five or more participants, the assertion of control or influence or supervision over only one individual satisfies the requirements for a § 3B1.1 enhancement. *United States v. Glover*, 179 F.3d 1300, 1302 (11th Cir.1999).

The court adopts the PSI's finding that the five charged defendants, Wallace Salery, Michael Salery, Sammy Salery, Kisha Jackson, and Angela Denise Hall participated in the criminal activity and finds that Wallace Salery was the organizer or leader of that activity. In addition, the court adopts the PSI's finding that the evidence at trial proved that Wallace Sal-

ery directed Kisha Jackson to provide drugs to the CI on four occasions. Evidence was presented at sentencing concerning involvement by others, but a finding in that regard is not necessary. Because the court finds from the evidence that Wallace Salery was the organizer or leader of a criminal activity that involved five participants and that Wallace Salery controlled at least one of those, the enhancement is appropriate, and Wallace Salery's objection is due to be DENIED.

**III. Conclusion**

Accordingly, it is hereby ORDERED that the court grants in part and denies in part the defendants' objections to the PSIs as follows:

(1) the court GRANTS the defendants' objection to the PSI's computation of sentencing under section 841(b)(1)(A), instead of section 841(b)(1)(C);

(2) the court GRANTS the defendants' objection to the PSI's using drug quantities from the acquitted charges;

(3) the court GRANTS Wallace Salery's objection to the two level firearms enhancement based on USSG § 2D1.1(b)(1);

(4) the court DENIES Wallace Salery's objection to the four level enhancement for role in the offense based on USSG § 3B1.1(a);

(5) the court DENIES defendants' objection to the use of drug quantities not proved to a jury for the purposes of arriving at a guideline range;

(6) the court DENIES defendants' objection as to the use of their prior convictions; and

(7) the court GRANTS the government's objection and includes an additional three kilograms of cocaine hydrochloride as relevant conduct for Wallace Salery.

The court now turns to calculating the guideline range to apply in sentencing each defendant. Pursuant to § 841(b)(1)(C) and the enhancement for a prior felony drug conviction in § 841(b)(1)(C), each defendant may receive a maximum of thirty years. The base offense level for a violation of § 841(b)(1)(C) is found in USSG § 2D1.1(a)(3) which provides that the offense level specified in the Drug Quantity Table set forth in subsection (c) is to be applied. As to Wallace Salery, the court finds that evidence at trial revealed the defendant participated in distributing 137.1 grams of cocaine base. In addition, Wallace Salery distributed 3 kilograms of cocaine hydrochloride. Pursuant to USSG § 2D1.1, Comment (n. 10), each of the drugs is converted to its marijuana equivalent. The marijuana equivalent is 3,342 kilograms of marijuana, which pursuant to USSG § 2D1.1(c)(3) establishes a base offense level of 34. A four-level enhancement pursuant to USSG § 3B1.1(a) increases the offense level to 38. Wallace Salery has a criminal history category of IV. This yields a guideline range of 324–405 months for Wallace Salery. As to Sammy Salery, the court finds that evidence at trial revealed that he participated in distributing 38.1 grams of cocaine base, which pursuant to USSG § 2D1.1(c)(5) establishes a base offense level of 30. Sammy Salery has a criminal history category of III. This yields a guideline range of 121–151 months for Sammy Salery. The court will sentence within those ranges, not exceeding 30 years.