**UNITED STATES of America**

v.

**Jerry Lindsay ARTIS.**

**Crim.A. No. 2:94cr62–T.**

United States District Court,
M.D. Alabama,
Northern Division.

Feb. 2, 2005.

Louis V. Franklin, Sr., Stephen P. Feaga, U.S. Attorney's Office, Montgomery, AL, for Plaintiff.

## OPINION

MYRON H. THOMPSON, District Judge.

Defendant Jerry Lindsay Artis is before the court to be sentenced on his reinstated conviction for conspiring to possess and distribute cocaine in violation of 21 U.S.C.A. §§ 841 and 846. In its presentence report, the United States Probation Office recommended a sentence of life imprisonment. Artis objects that, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), he can be sentenced to no more than the 20–year statutory maximum term provided in 21 U.S.C.A. § 841(b)(1)(C), because the jury that convicted him did not make a finding as to the amount of cocaine he possessed or distributed. The United States argues that any *Apprendi* error in this case is harmless. For the reasons that follow, the court concludes that it cannot, under *Apprendi*, sentence Artis to more than the 20–year maximum sentence in § 841(b)(1)(C). Accordingly, Artis's objection to the presentence report will be sustained.

## I. BACKGROUND

On August 18, 1994, Artis was charged in a superseding indictment with one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C.A. §§ 841(a)(1) and 846, and one count of engaging in a continuing criminal enterprise (CCE) by committing a continuing series of drug felonies in violation of 21 U.S.C.A. § 848(a). The charges related to a cocaine distribution conspiracy headed by Oscar Andrews. The conspiracy count listed 21 overt acts, some of which involved specific quantities of cocaine. The CCE count alleged that the members of the

conspiracy possessed and distributed more than 150 kilograms of cocaine.

Artis and his co-defendants were tried in this court before Judge Anthony Alaimo of the United States District Court of the Southern District of Georgia. On January 14, 1995, Artis was found guilty by a jury on both the conspiracy and CCE counts. Neither the jury charge nor the jury verdict included any reference to the amount of cocaine that Artis possessed or distributed. After the verdict and at the request of the government, the court dismissed the conspiracy count as a lesser included offense. On May 22, 1995, Artis was sentenced by Judge Alaimo to life in prison on the CCE count.

On January 19, 2000, Artis filed a motion pursuant to 28 U.S.C.A. § 2255, asking the court to vacate, set aside or correct his sentence. The court granted the § 2255 motion and vacated Artis's CCE conviction on the basis that the jury instruction did not comport with the requirements of *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), which requires that juries unanimously agree on which specific predicate violations make up the continuing series of violations. The court ordered that Artis's conspiracy conviction be reinstated and that he be resentenced accordingly.

In its presentence report, the Probation Office recommended a life sentence for Artis. First, the office calculated Artis's sentence under the United States Sentencing Guidelines. Based on its conclusion that the evidence at trial showed that Artis distributed more than 150 kilograms of cocaine, the office calculated Artis's base offense level at 38 under U.S.S.G. §§ 2D1.1(a)(3) and 2D1.1(c)(1). The Probation Office added two offense levels under U.S.S.G. § 2D1.1(b)(1), based on Artis's possession of a dangerous weapon in furtherance of the conspiracy and added three offense levels under U.S.S.G. § 3B1.1(b), based on Artis's role as a manager or supervisor for a total offense level of 43. The Probation Office assigned Artis to criminal history category II based on two prior convictions. The Sentencing Guidelines table provides for a life sentence for a defendant in criminal history category II with an offense level of 43.

Second, the Probation Office determined the maximum sentence allowed by statute. It concluded that a life sentence is authorized under 21 U.S.C.A. § 841(b)(1)(A), because Artis's offense involved five kilograms or more of cocaine.

## II. DISCUSSION

Artis raised a number of objections to the recommended sentence contained in the Probation Office's presentence report.[1] The only objection before the court now is his objection based on *Apprendi*. As stated, Artis argues that, under *Apprendi*, he cannot be sentenced to more than the 20-year maximum term contained in 21 U.S.C.A. § 841(b)(1)(C), because the jury that convicted him in 1995 did not make a finding with respect to the amount of cocaine he possessed and distributed.

### A.

■ Artis was convicted of conspiring to violate 21 U.S.C.A. § 841(a)(1) in violation of 21 U.S.C.A. § 846.[2] Section 841(a)(1)

---

1. *See* Defendant Artis's Brief, etc., filed November 17, 2003. The rest of Artis's objections were resolved at his December 4, 2003, re-sentencing hearing.

2. Section 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." The subchapter to which § 846 refers is § 841, so the case law interpreting § 841 applies equally to § 846. *United States v. Sanchez*, 269 F.3d 1250, 1264 n. 21 (11th Cir.2001) (*en banc*).

provides that "it shall be unlawful for any person knowingly or intentionally ... to manufacture, distribute, or dispense, or possess with the intent to manufacture, distribute or dispense, a controlled substance." Section 841(b) governs the sentencing of defendants convicted of violating § 841(a). For the purposes of this case, three sub-sections of § 841(b) are relevant, (b)(1)(A), (b)(1)(B), and (b)(1)(C). Sections 841(b)(1)(A) and (b)(1)(B) provide a range of statutory minimum and maximum sentences triggered by the amount of drugs involved in the offense. Section 841(b)(1)(A) applies in cases involving five kilograms or more of cocaine or 50 grams or more of cocaine base, and it mandates a minimum sentence of ten years and a maximum sentence of life. Section 841(b)(1)(B) applies in cases involving 500 grams or more of cocaine or five grams or more of cocaine base, and it mandates a minimum sentence of five years and a maximum sentence of 40 years. Section 841(b)(1)(C), on the other hand, applies to cases where the amount of drugs is not specified, and it provides for a maximum sentence of 20 years.[3] The Probation Office concluded that § 841(b)(1)(A) applies in Artis's case based on its conclusion that the evidence showed that he possessed or distributed more than five kilograms of cocaine.

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362. The United States Court of Appeals for the Eleventh Circuit has explained *Apprendi's* impact on § 841(b) this way: "In light of

*Apprendi*, there is constitutional error in a defendant's sentencing procedures when drug quantity increases a defendant's sentence beyond the prescribed statutory maximum under § 841(b)(1)(C), unless it was submitted to a jury and proven beyond a reasonable doubt." *United States v. Sanchez*, 269 F.3d 1250, 1270 (11th Cir. 2001) (*en banc*). In other words, the Eleventh Circuit treats the 20–year maximum sentence in § 841(b)(1)(C) as the "prescribed statutory maximum" for § 841(b)(1) as a whole, and thus, before a court can sentence a defendant to more than 20 years under either (b)(1)(A) or (b)(1)(B), the necessary quantity of drugs must have been determined by the jury beyond a reasonable doubt.

It is clear from the trial record in this case that the jury made no finding as to drug quantity. The trial court's charge to the jury did not mention drug quantity, and the jury's verdict similarly did not mention drug quantity.[4] In returning its verdict, the jury simply said "we, the jury, find the Defendant, Jerry Lindsey Artis, guilty as to Count One and guilty as to Count Two."[5]

The government argues that, because the overt acts listed in the indictment's conspiracy count involved more than five kilograms of cocaine, the jury in finding Artis guilty on the conspiracy count must necessarily have found that he was responsible for more than five kilograms of cocaine. However, the jury could have convicted Artis without finding that all of the listed overt acts were committed. *See United States v. Smith*, 289 F.3d 696, 706 (11th Cir.2002) (to support a conspiracy conviction, the government must prove

---

**3.** Section 841(b)(1)(C) is sometimes referred to as the "catch-all provision." *Sanchez*, 269 F.3d at 1265 n. 26.

**4.** Transcript of closing arguments, jury charge, and verdict, January 1, 1995, p. 103–106, 106–108, 122.

**5.** *Id.* at 122.

only an agreement between the defendant and one or more persons, the object of which is to do an unlawful act) (citing *United States v. Toler,* 144 F.3d 1423, 1427 (11th Cir.1998)). Thus, the fact that Artis was convicted on the conspiracy count says nothing about drug quantity.

The government also argues that, because count two of the indictment alleged that the defendants engaged in a continuing criminal enterprise involving more than 150 kilograms of cocaine, the jury in finding Artis guilty on the CCE count must necessarily have found that he possessed or distributed 150 kilograms of cocaine. However, as the government conceded at the hearing on Artis's *Apprendi* objection, the jury was not required to find that the defendants possessed or distributed 150 kilograms of cocaine in order to convict Artis on the CCE count.

Because the issue of drug quantity in Artis's case was neither presented to the jury nor found by the jury beyond a reasonable doubt, the maximum term to which the court can sentence Artis under the rule of *Apprendi* and *Sanchez* is 20 years pursuant to § 841(b)(1)(C).

In *United States v. Salery,* 119 F.Supp.2d 1268 (M.D.Ala.2000) (Albritton, J.), the court addressed a similar claim. The defendants had been convicted of conspiring to violate § 841(a)(1), and the Probation Office recommended sentencing them under § 841(b)(1)(A), based on its conclusion that the defendants' offenses each involved more than 50 grams of cocaine base. 119 F.Supp.2d at 1270. However, the jury in the case had not made a finding about the amount of drugs involved. *Id.* at 1271. The court held that, under *Apprendi,* the defendants could not be sentenced under § 841(b)(1)(A), but rather had to be sentenced under § 841(b)(1)(C). *Id.* at 1272–73.[6] The same is true in this case; Artis must be sentenced under § 841(b)(1)(C), which provides a maximum sentence of 20 years. Therefore, even if the Sentencing Guidelines table calls for a longer sentence based on Artis's offense level and criminal history category, Artis's sentence can be no more than 20 years, the statutory maximum. U.S.S.G. § 5G1.1(a).

**B.**

■ The government asks the court to apply the harmless error doctrine and hold that any *Apprendi* error in this case is harmless because "[n]o rational jury could have heard the evidence in this case and found the defendant guilty of both [counts] . . . without also finding that he was involved in the distribution of 150 or more kilos of cocaine."[7] The government is correct that *Apprendi* violations are subject to "harmless error" analysis on appeal. *United States v. Allen,* 302 F.3d 1260, 1276 (11th Cir.2002); *United States v. Anderson,* 289 F.3d 1321, 1326 (11th Cir.2002). "[T]he failure to charge or submit to the jury a specific drug quantity is harmless error under *Apprendi* if, by the finding the defendant guilty, the jury necessarily must have found beyond a reasonable doubt, that a certain quantity of drugs was involved in the offense. Put differently, if no reasonable juror could have found the defendant guilty without also finding that the specific quantity of drugs was

---

6. The United States Court of Appeals for the Eleventh Circuit has repeatedly come to the same conclusion as the court did in *Salery. United States v. Acevedo,* 285 F.3d 1010, 1012 (11th Cir.2002) ("Sentencing a defendant in excess of twenty years . . . without a jury determination of drug quantity constitutes

plain error."); *United States v. Novaton,* 271 F.3d 968, 1016 (11th Cir.2001); *United States v. Candelario,* 240 F.3d 1300, 1309 (11th Cir. 2001).

7. United States' Response to Court's Order, etc., filed December 12, 2003, p. 2.

involved, then the defendant is not entitled to a re-sentencing." *Anderson,* 289 F.3d at 1327.

■ The court concludes that harmless error analysis is not appropriate in this case. Harmless error review in a criminal case, by its nature, assumes that the court is reviewing an error committed in the past to determine if that error prejudiced the defendant. In this case, however, the court has not been asked to review a past *Apprendi* error, and, indeed, there are no such *Apprendi* errors before the court.

First, Artis's 1995 CCE conviction and sentence are not before the court for *Apprendi* analysis because *Apprendi* is not retroactively applicable. *McCoy v. United States,* 266 F.3d 1245, 1257–58 (11th Cir. 2001).

Second, Judge Alaimo's failure to instruct the jury at the trial in 1995 that it had to make a determination of drug quantity regarding the conspiracy count was not itself an *Apprendi* error because an *Apprendi* error only occurs when a court sentences a defendant to a term above the statutory maximum based on a fact not presented to the jury and found by the jury beyond a reasonable doubt. *See Sanchez,* 269 F.3d at 1263 ("*Apprendi* is implicated only when a judge-decided fact *actually increases* the defendant's sentence beyond the statutory maximum for the crime of conviction.") (emphasis in original); *Id.* at 1276 ("there is no error at all under *Apprendi* unless a judge-made factual finding increases the defendant's sentence beyond the statutory maximum in § 841(b)(1)(C)"). For the same reason, the jury's failure to make a factual finding as to drug quantity was not an *Apprendi* error in itself. The court cannot ask whether an error was harmless when it has no error before it.

What the government's argument misses is that the only way that *Apprendi* will be violated is if this court sentences Artis to more than 20 years in prison based on a quantity of drugs which, as discussed above, was not determined by the jury. This case is in the same posture as if it had been tried last week and the jury returned a guilty verdict without making a finding as to drug quantity. In that case, the government would not argue that the court could look at the evidence and decide for itself if the requisite quantity was present because that is exactly what *Apprendi* forbids. Yet, the government asks the court to do just that in this case.

It might be that if the court sentenced Artis to more than 20 years, and he appealed, the Court of Appeals for the Eleventh Circuit would hold that this court's error was harmless. However, as the *Salery* court wrote, "it is not appropriate for a district court to commit error simply because it might be found to be harmless." 119 F.Supp.2d at 1272 n. 3. Indeed, nothing could be more elementary than that the court must be faithful to the law, and therefore, the court cannot knowingly commit an error, even a harmless one.

Moreover, the court is not convinced that such an error would be harmless in this case. The jury's guilty verdict on neither the conspiracy count nor the CCE count implies that it found Artis responsible for any specific quantity of drugs. The list of overt acts in the indictment is lengthy, and it is impossible to determine from its verdict whether the jury concluded that all, or even some, of those overt acts were committed in furtherance of the conspiracy while Artis was a part of it. Similarly, because the jury was not required to find that Artis possessed or distributed a certain amount of cocaine in order to convict him on the CCE count, it is impossible to determine from its verdict whether the jury concluded that he possessed all or some of the 150 kilograms of cocaine charged. Therefore, a conclusion

that the jury's verdict necessarily implies that it found beyond a reasonable doubt that Artis was responsible for over 5 kilograms of cocaine would not only be error, it would likely be prejudicial error.

## III. CONCLUSION

For the reasons above, the court holds that the maximum term to which it can sentence Artis is 20 years under 21 U.S.C.A. § 841(b)(1)(C). Therefore, Artis's *Apprendi* objection will be sustained, and he will be resentenced in accordance with this opinion.