UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 94-41151

UNITED STATES OF AMERICA,

Plaintiff, Appellee

versus

MICHAEL R. SIEBE,

Defendant, Appellant

Appeal from the United States District Court
for the Eastern District of Texas

(June 30, 1995)

Before HIGGINBOTHAM and PARKER, Circuit Judges, and TRIMBLE*, District Judge.

TRIMBLE, District Judge.

Appellant Siebe pleaded guilty to possession of cocaine with the intent to distribute and money laundering. He was sentenced to a term of 480 months imprisonment for the cocaine possession and to a concurrent 240 month term for money laundering, followed by a five-year term of supervised release. Two issues are raised on appeal. These issues concern the assignment of two points for possession of a firearm during the commission of a drug trafficking offense and the court's refusal to assign a two point reduction for acceptance of responsibility.

---

   * District Judge of the Western District of Louisiana, sitting by designation.

Enhancement for Firearm Possession

Appellant first asserts that the district court erred in enhancing his sentence for possession of

a firearm during the commission of a drug trafficking crime pursuant to U.S.S.G. §1.1(b)(1) predicated solely upon the presumption that he possessed a firearm because he was a police officer. This presumption was based upon the fact that Siebe, as a police officer, was assigned a firearm. The district court's decision on this issue is reviewed for clear error. *United States v. Devine*, 934 F.2d 1325, 1339, 33 Fed.R.Evid.Serv. 981(5th Cir.(Tex.)Jun 20, 1991)(No.90-8156), *cert. denied*, 502 U.S. 1065, 112 S.Ct. 954, 117 L.Ed.2d 121 (U.S. Tex., Jan.21, 1992)(No. 91-6564).

§2D1.1(b)(1) of the U.S.S.G. states that a district court may increase a defendant's offense level by two points if the defendant possessed a dangerous weapon *during the commission* of a drug offense. The Government must prove by a preponderance of the evidence that the defendant possessed such a weapon during the commission of the drug offense. *United States v. Aquilera-Zapata*, 942 F.2d 1209, 1215 (5th Cir. 1990).

To meet this burden, generally the Government must prove that the weapon was found in the same location as the drug or the weapon was a part of the drug transaction. See *United States v. Hooten*, 942 F.2d 878, 881 (5th Cir.(Tex.) Sep. 10, 1991)(No. 90-8566)(remanded for determination of whether such evidence linking weapon, drugs and defendant existed); *United States v. McKeever*, 906 F.2d 129, 134 (5th Cir.(Tex.) Jul 03, 1990)(No. 88-1985)(possession found because house where gun was found contained materials for processing amphetamine and thus became part of the situs of the offense); *United States v. Vasquez*, 874 F.2d 250, 251 (5th Cir.(Tex.) May 19, 1989)(No. 88-2775)(no possession shown where evidence failed to show

sufficient connection between gun owned by defendant and stored in his home and possession of drugs several miles away when defendant was not convicted of conspiracy).

The district court in the case at bar based its decision upon a presumption that Siebe was an armed police officer. This is a case of first impression. This court has not addressed the question of whether a presumption based upon the fact that a defendant is a police officer can be used for an

enhancement under the Guidelines. In the case at bar there is no evidence absent such a presumption that Siebe possessed a firearm during the commission of the offense. Although the FBI found ninety guns in Siebe's residence, they found no drugs or drug paraphernalia in the residence. There was no evidence of Siebe's drug trafficking activities[1]. Based upon the lack of evidence in this case, the court finds that the Government did not satisfy its burden of proof and this matter will be REMANDED to the district court for resentencing based upon a guideline range which has been adjusted to delete the two point enhancement for possession of a firearm.

Acceptance of responsibility

The defendant also objects to the fact that he was not given credit for acceptance of responsibility. As observed in *United States* v. Cartwright, 6 F.3d 294, 304 (5th Cir.(Tex.) Oct 25, 1993)(No. 92-2637), *cert. denied*, -U.S.-, 115 S.Ct. 671, 130 L.Ed. 2d 604, 63 USLW 3460 (U.S., Dec 12, 1994)(No.94-5410), this court has applied various standards to reviewing

a district court's refusal to credit acceptance of responsibility: clearly erroneous, without foundation, and great deference. It was noted, however, that "[t]here appears to be no practical difference between the three standards." *Id.* Regardless of the formulation, the sentencing guidelines indicate that [t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. §3E1.1 (commentary). See also *United States v. Lister*, 53 F.3d. 66 (5th Cir.(Tex.) May 05, 1995)(No. 94-40549).

The facts, as stated in the PSR and specifically adopted by the court, demonstrate that the defendant did not accept responsibility. The fact that a defendant may exercise his right to a trial by jury is not a reason for denying the two points, but the fact that a defendant has never admitted to

---

[1] The only evidence of the drug trafficking activities was Siebe's own statement, which pursuant to the plea agreement could not be used against him.

violating the law is sufficient reason.

The guidelines allow a decrease of two points "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. §3E1.1(a). This reduction may be given whether the defendant pleads guilty or is found guilty at trial. Allowing or disallowing this reduction is within the trial court's discretion.

The district court based its determination upon Siebe's illegal conduct while on pretrial release in threatening his probation officer, possessing a firearm, and refusing to surrender to authorities on demand. The district court also noted that Siebe was aware of the FBI investigation for nine months before he came forward and admitted his responsibility for the theft of cocaine.

The district court's determination that Siebe had not accepted responsibility was not clearly erroneous. This portion of the district court's decision is AFFIRMED.


Because we find the enhancement for firearm possession to be inappropriate, the sentence is VACATED and this case is remanded to the district court for proceedings consistent with this opinion.