UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4553

DARIEN L. BRANNEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
J. Calvitt Clarke, Jr., Senior District Judge.
(CR-97-34)

Submitted: March 24, 1998

Decided: May 11, 1998

Before NIEMEYER and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles R. Burke, Virginia Beach, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Robert J. Seidel, Jr., Assistant United
States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Darien L. Brannen appeals his sentence imposed for attempted interference with interstate commerce and the movement of articles and commodities in interstate commerce by extortion under color of official right under 18 U.S.C.A. § 1951 (West 1994 & Supp. 1997). Finding no reversible error, we affirm.

According to the summary of evidence presented at Brannen's guilty plea hearing, Brannen was a Virginia police officer assigned to a narcotics investigation unit. As such, Brannen had access to a great deal of sensitive information, including ongoing narcotics investigations and the identities of informants and undercover officers. Armed with this knowledge, Brannen contacted a confidential informant and requested him to resume trafficking in narcotics. Brannen explained that he would supply the informant with information regarding undercover stings and the identity of both informants and undercover officers so that the informant could avoid detection.

In return, Brannen requested payment from the proceeds of drug sales. Brannen also told the informant that if he notified the authorities, he would either kill him or arrange for his arrest and murder in prison. The informant agreed to Brannen's proposal but also contacted the police department, which began an investigation into Brannen's activity. Under the direction of the department, the informant met with Brannen on five separate occasions to pay Brannen for alleged sales of narcotics and to plan future sales. At these meetings, Brannen instructed the informant where to sell the narcotics and gave him information to avoid detection.

At one of these meetings, the two discussed an alleged sale of one-half kilogram of heroin. At another meeting, they discussed selling as much as eight kilograms of heroin and then retiring from the drug business. At yet another meeting, Brannen complained that the informant was not selling enough drugs and urged him to sell more. At two of these meetings, the informant saw that Brannen was carrying a firearm.

2

Following his arrest and guilty plea, the district court sentenced Brannen under the Sentencing Guidelines to ninety-six months' imprisonment. Under U.S. Sentencing Guidelines Manual, § 2C1.1(c)(1) (1995), when extortion under color of official right is committed to facilitate the commission of another criminal offense, the sentencing court looks to the offense level for conspiracy to commit the facilitated offense. If the offense level of the facilitated offense is greater than the offense level under§ 2C1.1, the court applies that greater level. Here, Brannen's offense level under § 2C1.1 was ten. The offense level applicable to conspiracy to distribute one-half kilogram of heroin, however, was twenty-eight. Accordingly, the district court imposed the higher offense level.

Brannen does not object to the court's application of § 2C1.1, but only to the amount of heroin used to determine his offense level under USSG § 2D1.1. He first notes that no actual drugs were sold and asserts that the one-half kilogram figure was supplied by the confidential informant. He argues that these factors result in insufficient evidence to support the district court's finding that one-half kilogram of heroin was the figure properly attributed to him under § 2D1.1. We disagree.

A defendant may be sentenced under § 2C1.1(c)'s cross reference provision for a fictitious crime created via a sting operation. See United States v. Shenberg, 89 F.3d 1461, 1474-75 (11th Cir. 1996) (affirming sentence under guideline provision for conspiracy to commit murder when defendant provided information under belief that it would result in murder), cert. denied, #6D 6D6D# U.S. ___, 65 U.S.L.W. 3559, 3568 (U.S. Feb. 18, 1997) (No. 96-1003); #6D 6D6D# U.S. ___, 65 U.S.L.W. 3468, 66 U.S.L.W. 3398 (U.S. Dec. 8, 1997) (No. 96-1009). Thus, we conclude that the district court did not clearly err in employing the one-half kilogram figure. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994) (clear error standard of review). Although this figure was suggested by the informant, Brannen never objected or requested that the informant reduce the quantity. Accordingly, we agree with the district court's determination that Brannen approved of the suggested amount.* We therefore find no

_____

*We also find this figure supported by USSG § 2D1.1, comment. (n. 12), which states that if the offense involves an agreement to sell a controlled substance, the negotiated quantity shall be used to determine the offense level unless the actual amount delivered more accurately reflects the scale of the offense.

clear error in the district court's finding that one-half kilogram of heroin was the figure appropriately attributable to Brannen under § 2C1.1(c) and § 2D1.1.

Brannen next argues that the district court erred in applying a two-point enhancement for possession of a firearm during a drug trafficking offense under USSG § 2D1.1(b)(1). We also review this claim for clear error. See United States v. Rusher, 966 F.2d 868, 880 (4th Cir. 1992). A defendant "possesses" a firearm for purposes of USSG § 2D1.1(b)(1) "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.3). It is the defendant's burden to prove this clear improbability. See United States v. Nale , 101 F.3d 1000, 1004 (4th Cir. 1996). In an effort to carry this burden, Brannen asserts that he carried the gun because he was a police officer. The fact that Brannen was required to carry the weapon as part of his duties as a police officer does not, standing by itself, make it clearly improbable that the gun was connected to the offense. See United States v. Marmolejo, 106 F.3d 1213, 1216 (5th Cir. 1997); United States v. Ruiz, 905 F.2d 499, 508 (1st Cir. 1990). The evidence, as accepted by the district court, includes Brannen threatening to kill the informant should he report Brannen's activity to the authorities. As the Government notes, the carrying of a firearm would go a considerable way in ensuring compliance and thus the continuing vitality of the conspiracy. Accordingly, we conclude that the district court did not clearly err in applying a two-point enhancement under USSG § 2D1.1.

Finding no error as to either of Brannen's claims, we affirm his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4