IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20371
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOE RICHARD CANTU,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 97-CR-35-8
- - - - - - - - - -

June 15, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

      Joe Richard Cantu pleaded guilty to count 1 of an indictment

charging him with conspiracy to possess with intent to distribute

heroin and has appealed his sentence.  Cantu contends that the

district court erred in refusing to adjust his offense level

because he played a minor role in the conspiracy.  The district

court's determination pursuant to U.S.S.G. § 3B1.2 that a

defendant did not play a minor or minimal role in the offense is

a fact finding which this court reviews for clear error.  United

States v. Zuniga, 18 F.3d 1254, 1261 (5th Cir. 1994).

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In <u>United States v. Marmolejo</u>, 106 F.3d 1213, 1217 (5th Cir. 1997), the court held that a defendant who was held accountable only for drug quantities for which he was directly involved was not entitled to a downward adjustment because of his minor role in the offense.  Contrary to Cantu's assertions, Cantu was more than a mere courier.  He actively participated in negotiations and was present when the Gaitan brothers conducted transactions. Cantu also stored most of the Gaitans' heroin at his residence. The district court's ruling was not clearly erroneous.

Because the appeal is frivolous, it is DISMISSED.  <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.

APPEAL DISMISSED.