IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 98-50357
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY LYNN KING,

Defendant-Appellant.

———————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CR-53-1

———————————————————————————
September 22, 2000

Before POLITZ, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:*

Gary Lynn King appeals his conviction for possession with intent to distribute

methamphetamine in violation of 21 U.S.C. § 841(a)(1).  The conviction was based on

a conditional guilty plea.  King asserts that the district court erred in denying his motion

———————————

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to suppress and by enhancing his sentence two-levels for possession of a firearm. Finding no error, we affirm.

King contends that police lacked probable cause and a valid consent to search his pickup truck where the subject drugs were found. Considering the totality of the circumstances, including the officers' observations, knowledge, and training, we conclude that the information provided by the confidential informant gave the officers probable cause to believe that methamphetamine was located in King's pickup truck.[1] This conclusion obviates the necessity of addressing whether King gave valid consent to the search of the vehicle.[2] Nor do we need address whether the police had probable cause for King's arrest[3].

King also contends that his written consent for the search of his home was involuntary. Based on the six factors which we have found relevant to the voluntariness issue, we conclude that King's consent was voluntary.[4] Although King was in custody at the time he gave written consent for the search of his home, he had received <u>Miranda</u> warnings prior thereto, and the record is devoid of evidence that the officers used threats or coercion to induce the consent. King contends that he was

---

[1]<u>Illinois v. Gates</u>, 462 U.S. 213 (1983); <u>United States v. McSween</u>, 53 F.3d 684 (5th Cir. 1995).

[2]<u>United States v. Sutton</u>, 850 F.2d 1083, 1085 (5th Cir. 1988)("Consent and probable cause are alternative grounds justifying warrantless vehicle searches.").

[3]<u>Yohey v. Collins</u>, 985 F.2d 222 (5th Cir. 1993)(issues must be properly briefed to be preserved for appeal).

[4]<u>United States v. Jenkins</u>, 46 F.3d 447 (5th Cir. 1995).

never informed of his right to refuse consent, but a showing of voluntariness does not require proof of knowledge of the right to refuse.[5]

Finally, King maintains that the district court erred in enhancing his sentence two levels for possession of a firearm, asserting that there was no evidence that he actively employed a firearm as required by Bailey v. United States.[6] This argument is not persuasive; Bailey did not involve enhancement under the Sentencing Guidelines. We have not required the active use of a firearm for enhancement of a sentence.[7] A review of the evidence presented at the sentencing hearing demonstrates that the district court did not err in assessing King with possession of a firearm during related relevant conduct.[8]

The judgment appealed is AFFIRMED.

---

[5]Schneckloth v. Bustamonte, 412 U.S. 218 (1973).

[6]516 U.S. 137 (1995).

[7]United States v. Marmolejo, 106 F.3d 1213 (5th Cir. 1997).

[8]United States v. Vaquero, 997 F.2d 78 (5th Cir. 1993); United States v. Eastland, 989 F.2d 760 (5th Cir. 1993).