IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31164
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE GRICE,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CR-20043-2
- - - - - - - - - -
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Wayne Grice appeals his sentence following his guilty-plea conviction for conspiracy to possess with intent to distribute cocaine and cocaine base. He argues that he was a minor participant in the offense, and that the district court erred by not granting him a downward adjustment.

Under U.S.S.G. § 3B1.2, a defendant's offense level is decreased by two levels if he was a minor participant in any criminal activity. A minor participant is "less culpable than most other participants." U.S.S.G. § 3B1.2, comment. (n.3). We

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review the district court's determination regarding a defendant's role in the offense for clear error.  See <u>United States v. Valencia-Gonzales</u>, 172 F.3d 344, 346 (5th Cir.), <u>cert. denied</u>, 528 U.S. 894 (1999).

As part of his guilty plea, Grice admitted to conspiring to distribute over 5 kilograms of cocaine base.  He was involved in converting cocaine powder into cocaine base on 10-15 occasions.  This conduct was not peripheral to the advancement of the illicit activity.  Thus, the district court did not clearly err in determining that he was not a minor participant.  See <u>Valencia-Gonzales</u>, 172 F.3d at 346; <u>United States v. Gallegos</u>, 868 F.2d 711, 713 (5th Cir. 1989).

Additionally, Grice's base offense level under the sentencing guidelines was calculated using the amount of drugs with which he was personally involved, rather than the larger amount involved in the entire conspiracy.  Thus, he was not entitled to an adjustment for having a minor role in the offense.  See <u>United States v. Marmolejo</u>, 106 F.3d 1213, 1217 (5th Cir. 1997).

AFFIRMED.