**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 01-50193
Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**IRWIN JOSE BONILLA,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Western District of Texas
(EP-00-CR-1522-ALL-DB)**
_____

November 26, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In challenging the sentence (including 27 months imprisonment) for his convictions for importation of, and possession with intent to distribute, marijuana, Irwin Jose Bonilla maintains the district court erred in denying him an offense level reduction, pursuant to U.S.S.G. § 3B1.2, for his role in the offense.

The district court's application of the Sentencing Guidelines is reviewed _de novo_; its findings of fact, for clear error. _E.g.,_ **United States v. Stevenson**, 126 F.3d 662, 664 (5th Cir. 1997). A ruling that a defendant did not play a minor role in the offense is

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reviewed only for clear error.  *E.g.*, **United States v. Zuniga**, 18 F.3d 1254, 1261 (5th Cir.), *cert. denied*, 513 U.S. 880 (1994).

The Guidelines allow a minor participant in any criminal activity a two-level reduction in his base offense level.  U.S.S.G. § 3B1.2(b).  A "minor participant" is defined as one who is "less culpable than most other participants, but whose role could not be described as minimal".  U.S.S.G. § 3B1.2, cmt. n.3 (2000).  The defendant bears the burden of proving he was a minor participant. **United States v. Marmolejo**, 106 F.3d 1213, 1217 (5th Cir. 1997), *cert. denied*, 525 U.S. 1056 (1998).

Bonilla was not charged with conspiracy; he was charged with importation of, and possession with intent to distribute, marijuana.  His sentence was calculated based on the quantity of marijuana (approximately 38 kilograms) he transported in his vehicle.  **Marmolejo** held that the defendant could not claim to be a minor participant in relation to his offense when his sentence was based only on the amount of drugs he participated in transporting.  106 F.3d at 1217; *see* **United States v. Flucas**, 99 F.3d 177, 180-81 (5th Cir. 1996) (holding that defendant was not entitled to an adjustment under U.S.S.G. § 3B1.2, because he had been held accountable only for drugs in his possession), *cert. denied*, 519 U.S. 1156 (1997).

Accordingly, even assuming Bonilla was only a "mule" in a narcotics organization, he would not be entitled to an adjustment under U.S.S.G. § 3B1.2, because his limited participation in the organization was not relevant to his sentence, which was based only

2

on the amount of drugs he transported.  Therefore, Bonilla's contention that the district court based its ruling on Bonilla's silence at the sentencing hearing, rather than on the evidence presented, is without merit.

*AFFIRMED*