IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20639
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

LUIS GUSTAVO ANDRADE-GUERRERO,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-146-1
--------------------
January 9, 2002

Before KING, Chief Judge, and JOLLY and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Luis Gustavo Andrade-Guerrero ("Andrade") appeals his sentence following his conviction for possession with intent to distribute heroin.  Andrade argues that the district court erred in denying him an offense level reduction for his role in the offense pursuant to U.S.S.G. § 3B1.2.

We review for clear error the sentencing court's determination that a defendant did not play a minor role in an offense.  United States v. Zuniga, 18 F.3d 1254, 1261 (5th Cir. 1994).  The Sentencing Guidelines allow a minor participant in

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

any criminal activity a two-level reduction in his base offense level. U.S.S.G. § 3B1.2(b). A "minor participant" is defined as one who is "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.3). The defendant bears the burden of proving that he was a minor participant in the offense. United States v. Marmolejo, 106 F.3d 1213, 1217 (5th Cir. 1997).

Andrade was not charged with conspiracy; he was charged with possession with intent to distribute heroin. His sentence was calculated based on the quantity of heroin he personally transported. The district court's finding that Andrade was not a minor participant is not clearly erroneous. Marmolejo, 106 F.3d at 1217; see United States v. Flucas, 99 F.3d 177, 180-81 (5th Cir. 1996).

Based on the foregoing, the district court's judgment is AFFIRMED.