IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41030
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS RAMOS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(L-01-CR-451-ALL)
--------------------
June 14, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Luis Ramos appeals his sentence, which was assessed after he was convicted of possession with intent to distribute in excess of five kilograms of cocaine. Ramos contends that the district court erred in denying him an offense level reduction pursuant to United States Sentencing Guidelines (U.S.S.G.) § 3B1.2 for his role in the offense. He argues that the district court applied its *de facto* policy of refusing the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reduction to drug couriers, and that, in ruling on the reduction, the court failed to consider the Sentencing Commission's 2001 amendment to the commentary to U.S.S.G. § 3B1.2.

We review for clear error the sentencing court's determination that a defendant did not play a minor role in an offense. United States v. Zuniga, 18 F.3d 1254, 1261 (5th Cir. 1994). Here, the district court found that Ramos played an important role in the distribution of the cocaine when he attempted to transport a large quantity of the drug through the border patrol checkpoint. These factual findings, which were specific to Ramos's offense, are not clearly erroneous under either the 2000 or 2001 commentary to U.S.S.G. § 3B1.2. See United States v. Marmolejo, 106 F.3d 1213, 1217 (5th Cir. 1997); U.S.S.G. Suppl. to App. C amend. 635; United States v. Rodriquez De Varon, 175 F.3d 930, 940-44 (11th Cir. 1999).

Ramos also asserts that 21 U.S.C. § 841 is facially unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). As Ramos concedes, however, his argument is foreclosed by circuit precedent. See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), cert. denied., 532 U.S. 1045 (2001). For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.