**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 16, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-50732
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL RANGEL,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. W-02-CR-27-1
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

A jury convicted Gabriel Rangel (Rangel) of possession with intent to distribute cocaine base under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). He appeals his conviction on the grounds that there was insufficient evidence to sustain the jury's verdict. Although Rangel moved for judgment of acquittal under FED. R. CRIM. P. 29 at the close of the Government's case, he did not renew the motion. Consequently, "our review is limited to determining

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether there was a manifest miscarriage of justice." United States v. McIntosh, 280 F.3d 479, 483 (5th Cir. 2002) (internal quotation marks and citation omitted).

Among other things, the police found a large amount of cocaine base and items used in drug trafficking where Rangel was living. Thus, the evidence was sufficient for the jury to find that Rangel had knowledge and constructive possession of the cocaine base found during the police raid and that he intended to distribute it. See United States v. Onick, 889 F.2d 1425, 1430 (5th Cir. 1989).

Rangel's challenge to his conviction based upon the bias and credibility of the government witnesses is unavailing. None of the government witnesses testified as to "facts that a witness physically could not have observed or events that could not have occurred under the laws of nature." United States v. Gadison, 8 F.3d 186, 190 (5th Cir. 1993) (internal quotation marks and citation omitted). Therefore, the jury could choose whether to discredit all or part of any witness' testimony, and that decision is not reviewable on appeal. See id.

Rangel appeals his sentence on the grounds that the district court erred in increasing his base offense level by two levels under U.S.S.G. § 2D1.1(b)(1) based on findings in the Presentence Investigative Report (PSR) that the police discovered a loaded pistol during the search of his bedroom. Rangel objects to the base level increase solely on the ground that he was acquitted on the charge of knowingly carrying a firearm in relation to a drug

crime in violation of 18 U.S.C. § 924(c)(1). However, the jury's acquittal does not satisfy Rangel's burden to present rebuttal evidence to challenge the findings in the PSR. See United States v. Buchanan, 70 F.3d 818, 828 and n.8 (5th Cir. 1996).

The Government carried its burden of proving that a weapon was present and established that "a temporal and spatial relationship exist[ed] between the weapon, the drug-trafficking activity, and [Rangel]." United States v. Marmolejo, 106 F.3d 1213, 1216 (5th Cir. 1997). Therefore, the district court's finding that Rangel possessed a firearm in connection with his drug offense "is plausible in light of the record as a whole" and the district court did not clearly err in imposing the enhancement under § 2D1.1(b)(1). United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999).

Accordingly, Rangel's conviction and sentence are hereby AFFIRMED.