United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 30, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11085
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HIRAM RODRIGUEZ MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-55-2-A
--------------------

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Hiram Rodriguez Martinez ("Martinez") appeals his sentence following his guilty plea conviction of conspiracy to possess with intent to distribute a substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  Martinez argues that the district court erred in applying a two-level increase to the base offense level pursuant

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon during the offense.

Because the Government showed that Martinez's co-defendant knowingly possessed a weapon while they committed the offense and because firearms are the "tools of the trade" in drug conspiracies, the district court did not clearly err in finding that Martinez should have foreseen his co-defendant's possession of a dangerous weapon. See United States v. Aguilera-Zapata, 901 F.2d 1209, 1215 (5th Cir. 1990). Additionally, a review of the record indicates that Martinez did not meet his burden of proving that it was "clearly improbable that the weapon was connected with the offense." See U.S.S.G. § 2D1.1, comment. (n.3); United States v. Marmolejo, 106 F.3d 1213, 1216 (5th Cir. 1997).

AFFIRMED.