United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40877
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ROBERT CHARLES

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CR-117-1
---------------------

Before KING, Chief Judge, and JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Robert Charles appeals his statutory minimum sentence of five years for possession with intent to distribute more than 500 grams but less than five kilograms of cocaine. See 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii)(II). He argues that the district court erred in assessing a two-level increase pursuant to U.S.S.G. § 2D1.1(b)(1) on the basis that he possessed a weapon during and in relation to a drug-trafficking offense. The district court applied the § 2D1.1(b)(1) adjustment because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

search of Charles's vehicle (in which the cocaine was found) revealed the presence of a loaded semiautomatic pistol. Charles has not satisfied the burden of showing a clear improbability that there was a connection between the drugs and the weapon. See United States v. Marmolejo, 106 F.3d 1213, 1216 (5th Cir. 1997); U.S.S.G. § 2D1.1, comment. (n.3). Thus, the district court did not err in applying the two-level adjustment pursuant to § 2D1.1(b)(1).

Charles argues for the first time on appeal that the facts supporting the § 2D1.1(b)(1) adjustment were neither admitted by him nor proved beyond a reasonable doubt to a jury, thus the adjustment violated United States v. Booker, 125 S. Ct. 738 (2005). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is (1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Mares, 402 F.3d 511, 516, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005)(No. 04-9517). Charles cannot satisfy the third prong of the plain error test as he cannot show "that the error must have affected the outcome of the district court proceedings" or undermines confidence in those proceedings. Id. at 521 (internal quotation marks and citation omitted). After finding that the U.S.S.G. § 2D1.1(b)(1) adjustment was applicable, the court sentenced Charles to the minimum sentence required by statute. There is nothing in the record to indicate that the court would have

imposed a lower sentence.  In fact, the court was bound by statute to sentence Charles to at least five years of imprisonment.  21 U.S.C. § 841(b)(1)(B)(ii)(II).  Thus, Charles cannot demonstrate plain error in the his sentence.

AFFIRMED.