**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 21, 2007**

**Charles R. Fulbruge III**
**Clerk**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 06-51478
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OSVALDO DELGADO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1552-ALL

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Osvaldo Delgado appeals his sentence following his guilty-plea conviction
for transporting aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(i).
He argues that the district court clearly erred in denying him a minor role
adjustment to his offense level under U.S.S.G. § 3B1.2.

Following United States v. Booker, 543 U.S. 220 (2005), this court
continues to review for clear error claims of erroneous fact-finding with respect

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

to the application of Sentencing Guideline adjustments. United States v. Villanueva, 408 F.3d 193, 203 n.9 (5th Cir. 2005). Section 3B1.2(b) allows for a two-level reduction in a defendant's offense level if the defendant was a "minor participant in any criminal activity." § 3B1.2(b).

Delgado contends that he was less culpable than the other participants in the scheme to smuggle undocumented aliens into the United States. Notwithstanding that Delgado's role in transporting the aliens from El Paso, Texas, to Dallas, Texas, may have been only part of a larger smuggling scheme, Delgado was charged with transporting aliens for private financial gain, and the record demonstrates that Delgado agreed to personally transport people that he knew were undocumented aliens more than 600 miles across Texas for personal financial gain. Delgado's participation was central to the transportation of the undocumented aliens and clearly "coextensive with the conduct for which he was held accountable." United States v. Garcia, 242 F.3d 593, 598-99 (5th Cir. 2001) (citing United States v. Marmolejo, 106 F.3d 1213, 1217 (5th Cir. 1997)).

Because Delgado's role in the offense was not minor, the district court did not clearly err in denying him a role adjustment under § 3B1.2. See United States v. Atanda, 60 F.3d 196, 199 (5th Cir. 1995). The conviction and sentence are AFFIRMED.