# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2009

Charles R. Fulbruge III
Clerk

No. 09-40084
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRENDA ANN GAMEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-660-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Brenda Ann Gamez appeals the sentence imposed following her guilty plea conviction for transporting an unlawful alien in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) & (B)(ii). She argues that the district court erred in denying her a reduction in her offense level for her minor role in the offense pursuant to U.S.S.G. § 3B1.2. A defendant has the burden of showing that she is entitled to the downward adjustment.[1] Whether the defendant is a minor participant is a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *United States v. Garcia*, 242 F.3d 593, 597 (5th Cir. 2001).

factual determination that is reviewed for clear error.[2] "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole."[3]

Gamez has not shown that the district court clearly erred in finding that she was not entitled to a minor role adjustment under § 3B1.2. Notwithstanding that Gamez's role in transporting the alien child in the offense of conviction may have been only part of a larger smuggling scheme, Gamez was charged with transporting an undocumented alien for private financial gain – and the record demonstrates that she agreed to transport a child who she knew was an undocumented alien across the United States border for private financial gain. Gamez's role was not minor, but was central to the transportation of the undocumented alien child.[4] The district court did not clearly err in denying her a role adjustment under § 3B1.2.

Gamez also argues that the district court erred in finding that she should be held accountable for her relevant conduct in a previous alien smuggling offense and that the district court erred in denying her a three-level reduction in her offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. She argues that she pleaded guilty to and admitted her involvement in the instant offense of transporting an illegal alien. She argues that the Government failed to prove that she was involved in the prior alien smuggling offense, and she affirmatively denied any involvement in the prior offense.

The district court did not clearly err in finding that Gamez was involved in the prior alien smuggling offense and should be held accountable for her relevant conduct in that offense. Further, the district court did not clearly err in finding that Gamez denied her relevant conduct and, therefore, was not

---

[2] *United States v. Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir. 2005).

[3] *Id.* at 203 (citation omitted).

[4] *See Garcia*, 242 F.3d at 598-99; *United States v. Marmolejo*, 106 F.3d 1213, 1217 (5th Cir. 1997).

entitled to a reduction in her offense level for acceptance of responsibility.[5] The Presentence Report (PSR) and sentencing transcript support the conclusion that Gamez was involved in the prior alien smuggling offense, and Gamez consistently denied her involvement in that offense. Although Gamez was not required to affirmatively admit relevant conduct, she denied relevant conduct that the district court found to be true.[6] Because the record provides a sufficient foundation for the district court's finding that Gamez was involved in the previous alien smuggling offense and for the district court's denial of acceptance of responsibility, the district court did not clearly err in holding Gamez accountable for her relevant conduct in the prior alien smuggling offense or in denying a reduction in her offense level for acceptance of responsibility.[7]

AFFIRMED.

---

[5] *See United States v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002); *United States v. Outlaw*, 319 F.3d 701, 705 (5th Cir. 2003) (reciting that – for denials of a reduction for acceptance of responsibility – the standard of review is even more deferential than the pure clearly erroneous standard).

[6] *See* U.S.S.G. § 3E1.1 cmt. n.1(a); *United States v. Medina-Anicacio*, 325 F.3d 638, 648 (5th Cir. 2003).

[7] *See Medina-Anicacio*, 325 F.3d at 648.