# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10567
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CECIL HOUSE, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-222-13

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Cecil House, Jr., pleaded guilty, without a plea agreement, to conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. § 846, and he was sentenced to the statutory maximum, 240 months of imprisonment, and three years of supervised release. He appeals his sentence.

House argues that the district court miscalculated the drug quantity. He contends that the statements of his coconspirators regarding the amount of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10567

drugs he sold to them are unreliable and did not provide a plausible basis for the drug quantity calculation in the Presentence report (PSR).

At the sentencing hearing House presented rebuttal evidence in the form of his own testimony to challenge the facts provided by his coconspirators to investigators concerning the amount of methamphetamine he distributed. The Government presented the testimony of DEA Agent Brian Finney, who testified about his interviews of House's coconspirators and explained why he believed their statements were credible, consistent, and corroborative of one another.

The district court found Agent Finney's testimony to be credible and found that corroboration of the information related by the coconspirators provided sufficient reliability to their statements. The district court found that House was not credible and that the drug amounts set forth in the PSR were reliable. The district court's factual finding on the quantity of drugs was not clearly erroneous. *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (applying clear error standard of review); *see also United States v. Rogers*, 1 F.3d 341, 344 (5th Cir. 1993) (upholding the district court's reliance on quantity-of-drug information provided by confidential informants where there was no corroboration of the amounts attributed to the defendant, but the government's investigation corroborated many other details of the drug scheme).

House argues that the district court incorrectly attributed use of a firearm to him under U.S.S.G. § 2D1.1(b)(1). Cindy Flores told agents that House carried a pistol during drug deals and that he carried it visibly for deterrence and intimidation. The PSR credited this information as sufficiently reliable. Based on its finding that House's denial that he possessed a weapon was not credible, the district court overruled his objection to the weapon

enhancement.  The statement by Flores was sufficient to establish the basis for the enhancement, and the district court's findings regarding the statement's reliability and House's lack of credibility were not clearly erroneous.  *See United States v. King,* 773 F.3d 48, 52-55 (5th Cir. 2014).

The PSR listed three pieces of information to support a role enhancement under U.S.S.G. § 3B1.1(c): (1) Flores's statement to investigators that she distributed methamphetamine at House's direction, (2) Flores's report that House once directed his sister to threaten Flores in order to collect a drug debt, and (3) reports that House was often accompanied by other men at drug deals. The district court found that Flores's statements bore sufficient reliability to support a finding that House acted in a managerial or supervisory capacity over her.  House argues that the district court erred in this finding.  The "record does not give rise to a definite and firm conviction that the district court made a mistake in applying the § 3B1.1(c) enhancement."  *United States v. Zuniga,* 720 F.3d 587, 592 (5th Cir. 2013).

House argues that the district court erred in denying him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 and in finding that he obstructed justice under U.S.S.G. § 3C1.1.  Contrary to House's assertions, the district court's finding that House testified falsely was not predicated solely on the fact that his testimony was contradicted by cooperating codefendants, but because his denials were also contradicted by other information from the investigation, in particular, regarding House's testimony that "Frisco" was his only methamphetamine supplier.  The district court did not clearly err when it found that House intentionally testified falsely about his relevant conduct in an effort to minimize his sentence, and its decision to apply the obstruction enhancement and to deny acceptance of responsibility was proper.  *See United States v. Marmolejo*, 106 F.3d 1213, 1217 (5th Cir. 1997) (holding that

obstruction enhancement based on defendant's false statements warranted denial of acceptance of responsibility).

Arguing that his sentence is procedurally and substantively unreasonable, House challenges the district court's reasons for imposing the sentence because they did not include a detailed explanation of how the factors in 18 U.S.C. § 3553(a) were considered and balanced. Contrary to House's suggestion, the district court was not required to discuss each sentencing factor on the record. The record shows that the district court's reasons for imposing a within-guidelines sentence are sufficient. *See Rita v. United States*, 551 U.S. 338, 356-59 (2007).

As for the substantive reasonableness of the sentence, House suggests that the district court imposed the statutory maximum solely on the basis that the guidelines would have allowed a higher sentence had the statutory maximum been higher, and he questions whether the sentencing judge realized he had the discretion to impose a sentence less than the statutory maximum. There is nothing in the district court's stated reasons indicating that the district court perceived the guideline range to be mandatory. The court explicitly recognized that the guidelines were advisory and noted that it had considered all of the "matters required to be considered by 3553." The within-guidelines sentence imposed by the district court is entitled to a rebuttable presumption of reasonableness. *Rita*, 551 U.S. at 347. House's substantive-reasonableness argument does not show a clear error of judgment on the district court's part in balancing the § 3553(a) factors but is merely an invitation for us to reweigh the sentencing factors, which we cannot do. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.